Plaintiff sued to recover additional compensation under its contract with, the Corps of Engineers to construct two barracks buildings for the housing of cadets at the United States Military Academy at West Point in 1960. Disputes arose over defendant’s requirement that plaintiff anchor ashlar stone facing to the concrete backing and to masonry backing in ways which the plaintiff contended were not in accordance either with the provisions of the contract or with customary practices in the construction industry. A similar dispute arose regarding defendant’s requirement that plaintiff rake out the mortar from the joints between the ashlar stones to a depth of three-quarters of an inch and point the joints with fresh mortar, plaintiff claiming that customary trade practices permitted a simpler and less expensive operation. The Armed Services Board of Contract Appeals decided all three disputes adversely to the plaintiff who then brought suit in this court. On order of reference and under Buie 57(a) Commissioner Mastin White made findings of fact and rendered an opinion and recommended conclusion of law holding that the contract specifications relative to the anchoring of the ashlar stone facing contained latent ambiguities which should have been resolved in favor of plaintiff’s interpretation which interpretation was in accordance with accepted trade practices in the building construction industry, and that the plaintiff should recover on these two claims. With respect to the third claim, the commissioner was of the opinion that the specifications were not ambiguous; that they clearly prescribed a *968 method for pointing' the joints in the stone which was more difficult and expensive than the pointing procedure customarily used in the construction industry, but that since it was defendant’s prerogative to do this, plaintiff was obligated to comply with the provisions of the contract in this respect. The commissioner pointed out that trade custom and usage is pertinent in connection with the interpretation of contract language which is ambiguous, but not where the language is clear and contains no ambiguities. He recommended that plaintiff not recover on the third claim. The case then came before the court on the commissioner’s report, a stipulation of the parties filed February 27, 1968, in which it was stated that following the submission of a compromise offer by plaintiff and its rejection by defendant, a counter-offer was made by the Attorney General and accepted by plaintiff whereby plaintiff agreed to accept $40,000 in full settlement of all claims set forth in the petition, and defendant consented to entry of judgment in that amount. On March 1, 1968, the court ordered that judgment be entered for the plaintiff in the sum of $40,000.